UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



THE FOX GROUP, INC.,

    Plaintiff,

v.                                      ACTION NO. 2:10cv314

CREE, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on The Fox Group, Inc.'s ("Fox") Motion for Entry of Partial Summary Judgment of Non-Infringement of U.S. Patent No. 6,543,026, and Dismissal Without Prejudice of Related Counterclaims, Based on the Court's Claim Construction ("Fox's Summary Judgment Motion").

### I. Factual and Procedural History

The relevant factual history and the relevant procedural history prior to June 10, 2011, is set forth in detail in this court's claim construction Opinion, and need not be repeated herein. See The Fox Group, Inc. v. Cree, Inc., -- F. Supp. 2d --, 2011 WL 2308694, at *1-4 (E.D. Va. June 10, 2011).

On June 28, 2011, Fox filed its Summary Judgment Motion, in which it represents that it cannot prove that Cree, Inc. ("Cree") infringed U.S. Patent No. 6,543,026 ("'026 patent") under this court's construction of the claims of that patent, and "based upon the

discovery provided by Cree in this action." Mem. in Supp. of Mot. for Summ. J. 1, ECF No. 383; see Compl. ¶¶ 18-25, ECF No. 1 (alleging Cree's infringement of the '026 patent). Accordingly, Fox requests that the court enter partial summary judgment of non-infringement of the '026 patent in favor of Cree. Fox also requests that "the Court dismiss Cree's counterclaims as moot or, in the alternative, decline to exercise declaratory judgment jurisdiction to hear Cree's counterclaims at this time." Mem. in Supp. of Mot. for Summ. J. 7. On July 6, 2011, Cree filed its Partial Opposition to Fox's Summary Judgment Motion. Cree "agrees that summary judgment of non-infringement with respect to the '026 patent is appropriate and should be entered in its favor," Partial Opp. to Mot. for Summ. J. 1, ECF No. 430 [hereinafter "Cree's Opp."], but argues that the Court should exercise its discretion to hear Cree's counterclaims that seek declarations that the '026 patent is invalid and unenforceable. See Answer ¶¶ 130-35, ECF No. 12. On July 14, 2011, Fox filed its Reply. Fox's Summary Judgment Motion is ripe for review.

## II. Analysis

Summary judgment is appropriate when a court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed.

R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-50 (1986). Likewise, the court can enter judgment in favor of the nonmovant, as long as the court gives "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). In this case, both parties agree, and the court **FINDS**, that there are no material facts in dispute regarding Cree's alleged infringement of the '026 patent and that Fox cannot meet its burden to prove that Cree infringed the '026 patent under the court's claim construction.[1] Accordingly, Cree is entitled to judgment as a matter of law on Count One of the Complaint.[2]

The only remaining matter is the proper disposition of Cree's declaratory judgment counterclaims related to the '026 patent. The threshold question is whether this court has subject matter jurisdiction over those counterclaims notwithstanding the fact that

---

[1] Cree agrees that Fox cannot meet its burden to prove that Cree infringed the '026 patent under the court's claim construction, but nonetheless asks the court to enter partial summary judgment of non-infringement on the basis that "Fox has failed to adduce <u>any evidence</u> of infringement <u>under any claim construction</u>." Cree's Opp. 3 (emphasis in original). At this stage of the proceeding, the court declines to consider summary judgment of non-infringement under any claim construction other than its own. See <u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d 967, 976 (Fed. Cir. 1995) (providing that the infringement analysis is two steps, in which the court first determines "the meaning and scope of the patent claims asserted to be infringed," and then compares "<u>the properly construed claims</u> to the device accused of infringing" (emphasis added) (citations omitted)).

[2] As such, Cree's counterclaim seeking a declaration of non-infringement of the '026 patent, Answer ¶¶ 126-29, is **DISMISSED**, as **MOOT**.

Cree is not liable to Fox for infringing the '026 patent. For the court to hear those counterclaims, there must be a "case or controversy" regarding the '026 patent under Article III of the United States Constitution. See 28 U.S.C. § 2201(a) (providing that "[i]n a case or controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought"); Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1335 (Fed. Cir. 2008) (explaining that the Declaratory Judgment Act only provides a remedy if the "suit meets the case or controversy requirement of Article III" (citations omitted)). "For there to be a case or controversy . . . the dispute must be 'definite and concrete, touching the legal relations of parties having adverse legal interests,' 'real and substantial,' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" Id. at 1335-36 (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)). The test is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. at

1336 (internal quotation marks and citations omitted).

An "important element" in the court's all-the-circumstances analysis is "the issue of whether there has been meaningful preparation to conduct potentially infringing activity." Cat Tech LLC v. TubeMaster, Inc., 528 F.3d 871, 880 (Fed. Cir. 2008) (stating that it "must be considered in determining whether a declaratory judgment is appropriate"). There is no dispute that Fox brought this action because it believes Cree engages in activity that infringes the '026 patent. However, there also is no dispute that Fox cannot prove such activity actually infringes the '026 patent under the court's claim construction, which controls the issue of infringement between these parties in this case. In other words, Cree is not conducting even "potentially infringing activity." Id. Cree's only argument in support of nonetheless finding a real and immediate controversy is that "Fox has made clear that it disagrees with the Court's claim construction and that Cree does not infringe." Cree's Opp. 7. Cree suggests that Fox's avowed reservation of its right to appeal this court's claim construction, see Mem. in Supp. of Mot. for Summ. J. 2, and the accompanying specter that the Federal Circuit or the Supreme Court could vacate the non-infringement judgment, is enough to make a "definite and concrete" dispute over the '026 patent. See Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 95 (1993)

(noting that the party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy). To accept Cree's position, the court would have to find that its claim construction is likely erroneous, and, therefore, tacitly abandon that ruling. The court will not do so.

The court is of the opinion that a justiciable dispute cannot be predicated on the hypothetical results of a hypothetical appeal.[3] Cree is not entitled to pursue counterclaims that seek to invalidate the '026 patent and/or render it unenforceable when the court has found that Cree has not been "making, using, selling, and/or offering for sale silicon carbide substrates and products that use silicon carbide that practice the invention of the '026 patent." Compl. ¶ 21. To the extent a case or controversy once existed regarding the '026 patent between Fox and Cree, the court **FINDS** that "all the circumstances," Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941), demonstrate that it is mooted by the court's judgment of non-infringement.[4] See Steffel v. Thompson, 415 U.S. 452, 459

---

[3] Of course, if summary judgment of non-infringement of the '026 patent is ultimately vacated, Cree's counterclaims related to the '026 patent would be part of a case or controversy and could proceed.

[4] Cree cites Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83 (1993) for the proposition that "the issue of validity is not mooted when a finding of no infringement is made or affirmed." Cree's Opp. 5 (emphasis in original). Cardinal is inapposite. "[T]he issue before [the Court in Cardinal] . . . concern[ed] the

6

n.10 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages of review . . . ." (citations omitted)). Moreover, even if the court could hear Cree's '026 patent counterclaims, it would exercise its discretion to dismiss them as moot, in light of its holding of non-infringement. See Teva Pharm. USA, Inc. v. Pfizer, Inc., 395 F.3d 1324, 1331 (Fed. Cir. 2005) ("Even if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has substantial discretion to decline that jurisdiction." (citations omitted)), abrogated on other grounds, 549 U.S. 118 (2007); Nystrom v. TREX Co., Inc., 339 F.3d 1347, 1351 n.* (Fed. Cir. 2003); see also Phonometrics, Inc. v. N. Telecom, Inc., 133 F.3d 1459, 1468 (Fed. Cir. 1998) ("Where, as here, noninfringement is clear and invalidity is not plainly evident, it is appropriate to treat only the infringement issue." (quoting Leesona Corp. v. United States, 530 F.2d 896, 906 n.9 (Ct. Cl. 1976))).

### III. Conclusion

For the above reasons, the court **GRANTS** Fox's Summary Judgment Motion. Cree's counterclaims seeking declarations that the '026

---

jurisdiction of an intermediate appellate court—not the jurisdiction of . . . a trial court . . . ." 508 U.S. at 95.

patent is not infringed,[5] invalid, and unenforceable are **DISMISSED**, as **MOOT**, in light of the court's holding of non-infringement of the '026 patent.[6]

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Order to counsel for all parties. The Clerk is further **DIRECTED** to enter judgment for Cree on Count I of the Complaint and dismiss Cree's counterclaims set forth above as moot, in accordance with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 20, 2011

---

[5] See supra note 2.

[6] See supra note 3.